UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANTELL PETERSON, individually,
and on behalf of the estate and next of
kin of Deonceo Perez DeJesus,
deceased

       Plaintiff,

v.                            Case No:  2:14-cv-420-FtM-38CM

MICHAEL SCOTT,

       Defendant.
_____/

**OPINION AND ORDER**[1]

**I.**

This matter comes before the Court upon review of defendant Michael Scott's motion to dismiss plaintiff's second amended complaint and motion to strike (Doc. #34, Motion).   Plaintiff has not filed a response to the motion and the time to do so has expired. See docket.   This matter is ripe for review.

**II.**

Plaintiff Shantell Peterson initiated this action with the assistance of counsel by filing a Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on behalf of her deceased

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

husband, Deonceo Perez Dejesus.   Dejesus committed suicide while detained at the Lee County Jail during his criminal trial.   Plaintiff is now proceeding on her Second Amended Complaint (Doc. #33) against Michael Scott, Lee County Sheriff, in his official capacity. Second Amended Complaint at 1.   In pertinent part, plaintiff claims a violation of her Fourteenth Amendment right to procedural due process under the United States Constitution occurred when Lee County Jail officials, under Scott's supervision, failed to timely inform her of a suicide note that her husband had left prior to committing suicide that contained his last wishes.   Because plaintiff was not aware of this suicide note, she opted to have her husband's body cremated when the medical examiner called her, without a viewing, and did not comply with her husband's wishes to keep locks of his hair for herself and their children.   Plaintiff also brings a tort claim under Florida law related to the handling of her husband's body.   As relief, Plaintiff seeks monetary damages.

Defendant Scott moves to dismiss the action.   *Inter alia*, Scott argues that the Second Amended Complaint does not attempt to allege or identify any policy or custom attributable to the Sheriff as the moving force behind the alleged § 1983 violations. Motion at 3.   Scott also argues that the Second Amended Complaint fails to allege a Fourteenth Amendment procedural due process claim, because Florida law provides an adequate remedy.   Id.   Finally, regarding the state tort claims, Scott submits the Second Amended Complaint fails to contain any allegations of physical injury, willful, wanton, or intentional misconduct.   Id.

For the reasons discussed herein, the Court grants defendant Scott's motion to dismiss the Second Amended Complaint.   Considering no federal claim remains, the

Court declines to exercise pendent jurisdiction over the claims arising only under state law.

III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff.  Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss.  Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16.  Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." Id. at 555 (citations omitted).   Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.   Ashcroft, 129 S. Ct. at 1949.   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.   The "[f]actual allegations must be enough to raise a right to relief above the speculative level."   See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part).   Additionally, there is no longer a heightened pleading requirement.   Randall, 610 F.3d at 701.

A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action.   Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).   To imput a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."   Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994).   In other words, "to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007).   A policy is a decision that is officially adopted by the municipality and a custom is a practice that is so well settled and permanent that it takes on the force of law.   Id. at 1332.   "Because a municipality will rarely have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs must show the local government has a custom or practice that

evidences a 'deliberate indifference' to the plaintiff's right." Powell v. Barrett, 496 F.3d 1288, 1318 (11th Cir. 2007),vacated other grounds, 541 F.3d 1298 (11th Cir. 2008). "Only where the municipality's custom or practice reflects a 'deliberate' or 'conscious' choice from among various alternatives can the municipality be liable for its conduct." Id. (other citations omitted).

## IV.

The Courts finds the Second Amended Complaint fails to state a claim as to defendant Scott.   The Second Amended Complaint does not allege that defendant Scott was personally involved in handling the decedent's body.   Nor does the Second Amended Complaint allege that Scott implemented a policy that was the moving force behind the alleged constitutional violations, or even that a particular custom or practice was the cause of the alleged violation of Plaintiff's constitutional rights.   To the contrary, the Second Amended Complaint alleges that Scott's employees violated their own policies.   See e.g. Second Amended Complaint at 5 (stating "Defendant Sheriff Scott through LCSO employees and agents, by their acts and omissions during the scope of their employment, failed to follow standard operating procedure.")   A violation of the Sheriff's own policies, however, does not result in the violation of a Constitutional right. To the extent the Second Amended Complaint predicates liability on the Sheriff based on his position, there is no *respondeat superior* liability under § 1983.

The Second Amended Complaint also fails to state a procedural due process claim related to the handling of the decedent's body under the Fourteenth Amendment.   The Due Process Clause guarantees a fair procedure before and after a deprivation of a protected interest in life, liberty, or property. Zinerman v. Burch, 494 U.S. 113, 125

(1990).   To maintain this claim, plaintiff must show that: (1) the defendant deprived the plaintiff of a constitutionally protected liberty or property interest; and (2) if so, whether that deprivation occurred without due process of law.   Id.   Plaintiff argues she was deprived of a protected property interest (her deceased husband's body and indirectly his suicide letter).

In a due process claim, property interests are not created by the Constitution. Instead, they are created by an independent source such as state law.   Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978).   Federal constitutional law determines whether the state-created property interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause.   Board of Regents v. Roth, 408 U.S. 564, 577 (1972).   So, initially, the question in this case turns to whether Florida law recognizes a property right to the deceased's body.   In Crocker v. Pleasant, 778 So.2d 978, 988 (Fla. 2001), the Florida Supreme Court recognized a "legitimate claim of entitlement" that the next of kin have in their dead relatives' bodies.   However, coupled with the legitimate claim of entitlement is the requirement that the deprivation occurred without due process of law.

The United States Supreme Court has held that as long as some adequate post-deprivation remedy is available to a plaintiff, no procedural due process violation has occurred.   Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Arnaud v. Odom, 870 F.2d 304, 309 (5th Cir. 1989) (finding no procedural due process violation stemming from the State's unauthorized autopsy of the plaintiff's infant child).   Here, the Second Amended Complaint fails to state a claim because plaintiff acknowledges that she authorized cremation of the decedent's body.   See Second Amended Complaint at 4.

Additionally, Florida law provides an adequate remedy for plaintiff because plaintiff could pursue a common law tort cause of action for tortious interference with a dead body to the extent she deems appropriate.   Kirksey v. Jernigan, 45 So. 2d 188 (Fla. 1950); or a claim of replevin to the extent the decedent's property has not been returned to her, Britt v. Mascara, 830 So. 2d 221 (Fla. App. 4 Dist. Nov. 13, 2002).   While it is extremely unfortunate that plaintiff was not alerted to the existence of a her husband's suicide note prior to deciding to cremate his body, the confiscation of this suicide letter by correctional officials during the course of their investigation regarding her husband's death while he was incarcerated at the county jail was not so clearly a violation of clearly established law that every reasonable official acting in their position would recognize it as such.   See e.g. Feldman v. Hoffman, Case No. 12-4112, 2013 WL 247333 *4 (E.D. Pa. Jan. 23, 2013)(addressing due process interest in decedent's suicide note).   Thus, even if the Second Amended Complaint had named the individual correctional officials involved in the suicide investigation, these officers would be entitled to qualified immunity.

The Second Amended Complaint also raises tort claims under state law.   As set forth above, plaintiff's federal claim is dismissed for failure to state a claim.   Accordingly, there is no independent basis for jurisdiction over plaintiff's state law claims.   Therefore, the Court will not retain jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant's motion to dismiss (Doc. #34) is **GRANTED**.   The Second Amended Complaint is **DISMISSED**, without prejudice, for the reasons herein.

2.    The Clerk of Court shall terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record